**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CalPlant I, LLC, | : | Case No. 21-11303 (JTD) |
| Debtor.[1] | : | |
| Lance Miller, Liquidating Director for the Liquidating Trust for CalPlant I, LLC, | : | |
| Plaintiff, | : | Adv. Proc. No. 23- (JTD) |
| v. | : | |
| Honor Logistics, LLC, | : | |
| Defendant. | : | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Lance Miller, Liquidating Director for the Liquidating Trust (the "Plaintiff") for CalPlant I, LLC (the "Liquidating Trust"), liquidating debtor in the above-captioned bankruptcy proceeding, by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Honor Logistics, LLC (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges as follows:

[1] Prior to the Effective Date of the Plan (each as defined below), the Debtors (defined below) in these chapter 11 cases, along with the last four digits of the Debtor's federal tax identification number, were as follows: CalPlant I Holdco, LLC (9804) and CalPlant I, LLC (1444). On September 29, 2023 (the "Effective Date"), the Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan Proposed by CalPlant I Holdco, LLC and CalPlant I, LLC [Case No. 21-11302 D.I. 726] went effective, and a Liquidating Trust was formed to manage the liquidation of the Debtors' estates and distributions in accordance with that plan. On October 2, 2023, the Court entered a final decree and order closing the chapter 11 case of CalPlant I Holdco, LLC (9804). Commencing on October 2, 2023, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of CalPlant I, LLC.

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property of CalPlant I, LLC and CalPlant I Holdco, LLC (collectively, the "Debtors") made during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). The underlying chapter 11 bankruptcy case is administered under the caption *In re: CalPlant I, LLC,* Case No. 21-11303 (JTD).

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

5. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

6. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On October 5, 2021 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

9. Following the Petition Date, the Debtors remained in possession of their assets and continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code to implement the wind down of the Debtors' operations and the liquidation of the Debtors' assets.

10. On June 2, 2023, the Debtors filed their *Combined Disclosure Statement and Joint Chapter 11 Plan* (as subsequently amended, the "Plan").

11. On August 15, 2023, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming the Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan Proposed by CalPlant I Holdco, LLC and CalPlant I, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order").[2]

12. Pursuant to the Confirmation Order, as is more fully set forth in the Liquidating

[2] Case No. 21-11302 D.I. 745.

Trust Agreement,[3] which is incorporated herein by reference, on the Effective Date, the Debtors were deemed to transfer all of their rights, title, and interest in and to the Debtors' Assets to the Liquidating Trust free and clear of all Liens, charges, Claims, encumbrances, and interests, in accordance with section 1141 of the Bankruptcy Code. The proceeds of the Exit Facility Bonds, Retained Causes of Action, and Assets vested in the Liquidating Trust on the Effective Date. The Confirmation Order defines Retained Causes of Action as, *inter alia,* causes of action under chapter 5 of the Bankruptcy Code not previously sold or transferred, or not otherwise compromised or settled pursuant to the Plan or a Final Order of the Bankruptcy Court.

13. The Confirmation Order provides that the Liquidating Trust shall be governed by the Liquidating Trust Agreement and administered by the Liquidating Director. The powers, rights, and responsibilities of the Liquidating Director shall be specified in the Liquidating Trust Agreement. As is more fully set forth in the Liquidating Trust Agreement, the Liquidating Director shall be the exclusive administrator of the Assets of the Liquidating Trust as well as the representative of the Estate of each of the Debtors appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, solely for purposes of carrying out the Liquidating Director's duties under the Liquidating Trust Agreement.

14. On August 11, 2023, the Debtors filed the *Notice of Filing of First Amended Plan Supplement to Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of CalPlant I Holdco, LLC and CalPlant I, LLC* (the "Plan Supplement").[4] The Plan Supplement includes the Liquidating Trust Agreement as Exhibit 3 appointing Lance Miller as the Liquidating Director for the Liquidating Trust.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Order.

[4] Case No. 21-11302 D.I. 737.

15. On September 29, 2023, the Effective Date of the Plan occurred,[5] and the Plan was consummated.

16. On October 2, 2023, the Court entered the *Final Decree Closing the Chapter 11 Case of CalPlant I Holdco, LLC*.[6] Commencing on October 2, 2023, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of CalPlant I, LLC, Case No. 21-11303.

17. As explained below, pursuant the Plan, General Unsecured Claims, among others, comprise an impaired class of creditors that are at not expected to be paid in full.

**THE PARTIES**

18. Plaintiff, Lance Miller, is the Liquidating Director for the Liquidating Trust of the Debtors and was appointed pursuant to the Confirmation Order.

19. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 1109 SE 16th Ave Ste F #538, Canby, OR 97013. Plaintiff is informed and believes that Defendant is a logistics company residing in and subject to the laws of the State of Oregon.

**FACTUAL BACKGROUND**

20. As more fully discussed in the *Declaration of Jeffrey N. Wagner, Executive Chairman of the Debtors, in Support of the Chapter 11 Cases and First Day Motions* (the "First Day Declaration"),[7] the Debtors constructed the world's first plant capable of manufacturing MDF

---

[5] Case No. 21-11302 D.I. 788.

[6] Case No. 21-11303 D.I. 7.

[7] Case No. 21-11302 D.I. 6.

from rice straw. Located in Willows, California, approximately 85 miles north of Sacramento, the Debtors' plant (the "Plant") was intended to convert rice straw—a waste product of rice farming—into high-quality, environmentally friendly, and competitively priced MDF. The Debtors' goal in developing the Plant and its underlying manufacturing processes was born in environmental conservation. The Plant was intended to contribute to the elimination of more traditional methods of rice straw disposal, which historically involved the incineration of leftover rice straw and currently necessitates the reincorporation of straw into the soil, followed by flooding the field with water and chemicals to hasten decomposition. The Debtors' method, if successful, would not only reduce methane emissions and water consumption, but also offer rice farmers a less expensive, less labor-intensive, less water-intensive, and more sustainable means to dispose of waste. Further, using rice straw as feedstock (rather than wood fiber, which is the typical feedstock) would reduce the need to cut down trees that filter CO2 from the atmosphere.

21. Prior to the Petition Date, the Debtors maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services. The Debtors also regularly paid for goods and services used to facilitate their business.

22. The Debtors' financial difficulties that led to the decision to file their Chapter 11 Cases are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Chapter 11 Cases are set forth in the First Day Declaration and Plan and are incorporated herein by reference.

23. The Debtors did not realize sufficient proceeds from the liquidation of their assets to pay in full amounts owed to the Debtors' secured lenders. Specifically, the Debtors were not

able to pay Senior and Subordinate Bond Claims in full under the Plan. As a result, there are insufficient funds to pay general unsecured creditors.

24. During the ninety (90) days before the Petition Date, that is between July 7, 2021, and October 5, 2021 (the "Preference Period"), the Debtors continued to operate their businesses and transferred property of the Debtors, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

25. During the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors. The Debtors' payments to the Defendant during the Preference Period are set forth on the Statement of Account, which is attached as Exhibit A hereto and incorporated by reference.

26. The Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of the Defendant during the Preference Period through payments aggregating an amount not less than the total set forth on Exhibit A (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A. Such details include "Payment Number," "Payment Amount," "Payment Date," "Debtor Transferor(s)," "Invoice Number," "Invoice Date," and "Invoice Amount."

27. Plaintiff is seeking to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period.

28. Plaintiff also performed a due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant, including defenses arising under section 547(c), for which Defendant bears the burden of proof under section 547(g) by a preponderance of evidence.

29. Based upon Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid and recover some or all of the Transfers even after taking into account Defendant's potential affirmative defenses.

30. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

31. Plaintiff incorporates all preceding allegations as if fully alleged herein.

32. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, one or more of the Debtors made Transfers to or for the benefit of Defendant in an aggregate amount not less than the total listed on Exhibit A hereto, which is $133,250.00.

33. Each Transfer was made from one or more of the Debtors' accounts and constituted a transfer of an interest of the Debtors in property.

34. Defendant was a creditor of the Debtors at the time of each Transfer because it had previously supplied the Debtor(s) with goods and/or services for which the Debtors were obligated to pay following delivery.

35. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

36. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors as set forth on Exhibit A hereto.

37. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

38. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

39. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Chapter 11 Cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities after removing inter-debtor obligations exceed their assets to the point that unsecured creditors will not receive a distribution from the Debtors' bankruptcy estates.

40. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**COUNT II**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

41. Plaintiff incorporates all preceding allegations as if fully alleged herein, to the extent they are not inconsistent with the allegations contained in this Second Claim for Relief.

42. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by one Debtor entity but paid for by another Debtor entity without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Fraudulent Transfers"); and

A. The Debtors were insolvent as of the date of the Fraudulent Transfer(s), or became insolvent as a result of the Fraudulent Transfer(s); or

B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

C. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

43. Based upon the foregoing, the Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

**COUNT III**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

44. Plaintiff incorporates all preceding allegations as if fully alleged herein, to the extent they are not inconsistent with the allegations contained in this Count.

45. Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code and any Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

46. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

47. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**COUNT IV**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

48. Plaintiff incorporates all preceding allegations as if fully alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

49. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

50. Defendant has not paid to the Plaintiff the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

51. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be

disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

52. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 4, 2023

**A.M. SACCULLO LEGAL, LLC**

*/s/ Anthony M. Saccullo*
Anthony M. Saccullo (DE No. 4141)
Mark T. Hurford (DE No. 3299)
Mary Augustine (DE No. 4477)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: ams@saccullolegal.com
mark@saccullolegal.com
meg@saccullolegal.com

*Counsel to the Liquidating Director*

Defendant: **Honor Logistics, LLC**

Bankruptcy Case **CalPlant I, LLC**

Preference Period: **7/7/21 to 10/5/21**

## Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Payment Number | Payment Date | Payment Amount | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| CalPlant I, LLC | CalPlant I, LLC | EFT | 8/23/21 | $2,400.00 | 00002044 | 7/29/21 | $2,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/8/21 | $1,200.00 | 00002231 | 7/2/21 | $2,365.52 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/8/21 | $1,300.00 | 00002223 | 8/10/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/8/21 | $1,400.00 | 00002187 | 8/11/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/8/21 | $1,400.00 | 00002199 | 8/11/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/8/21 | $1,300.00 | 00002171 | 8/13/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/16/21 | $2,400.00 | 00002235 | 8/16/21 | $2,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/16/21 | $1,300.00 | 00002228 | 8/16/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/16/21 | $1,200.00 | 00002261 | 8/16/21 | $1,200.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/16/21 | $5,300.00 | 00002219 | 8/17/21 | $5,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/16/21 | $2,400.00 | 00002254 | 8/17/21 | $2,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/16/21 | $3,400.00 | 00002262 | 8/18/21 | $3,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002284 | 12/31/20 | $4,050.20 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,200.00 | 00002265 | 7/23/21 | $1,217.18 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002267 | 7/23/21 | $272.62 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,400.00 | 00002260 | 8/23/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002298 | 8/23/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002299 | 8/23/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002274 | 8/24/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002311 | 8/24/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,200.00 | 00002251 | 8/24/21 | $1,200.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002273 | 8/25/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002285 | 8/25/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $2,300.00 | 00002307 | 8/26/21 | $2,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/22/21 | $1,300.00 | 00002266 | 8/26/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002316 | 8/20/21 | $4,583.92 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $5,000.00 | 00002295 | 8/30/21 | $5,000.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,400.00 | 00002310 | 8/30/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002337 | 8/30/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002342 | 8/30/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002288 | 8/31/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002338 | 8/31/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $2,300.00 | 00002308 | 9/1/21 | $2,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002328 | 9/2/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002326 | 9/3/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002327 | 9/3/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002315 | 9/3/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $4,300.00 | 00002358 | 9/7/21 | $4,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $3,400.00 | 00002357 | 9/7/21 | $3,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $2,400.00 | 00002339 | 9/7/21 | $2,400.00 |

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Payment Number | Payment Date | Payment Amount | Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $2,400.00 | 00002350 | 9/7/21 | $2,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,400.00 | 00002378 | 9/8/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002344 | 9/8/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002359 | 9/8/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $5,300.00 | 00002351 | 9/13/21 | $5,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002392 | 9/13/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002409 | 9/13/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002393 | 9/14/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,400.00 | 00002377 | 9/16/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002443 | 9/17/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $4,300.00 | 00002411 | 9/20/21 | $4,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $3,400.00 | 00002391 | 9/20/21 | $3,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $3,400.00 | 00002418 | 9/22/21 | $3,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002440 | 9/24/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002420 | 9/24/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002442 | 9/24/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $2,300.00 | 00002448 | 9/27/21 | $2,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,400.00 | 00002465 | 9/27/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,300.00 | 00002287 | 9/27/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $3,400.00 | 00002452 | 9/29/21 | $3,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,850.00 | 00002410 | 9/29/21 | $1,850.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 9/30/21 | $1,400.00 | 00002464 | 9/30/21 | $1,400.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 10/4/21 | $1,300.00 | 00002421 | 9/30/21 | $1,300.00 |
| CalPlant I, LLC | CalPlant I, LLC | EFT | 10/4/21 | $13,700.00 | PREPAY | 10/1/21 | $800.00 |

**Totals:** **64 transfer(s), $133,250.00**